UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENOCH SELLASSIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-466-CEJ |
| | ) | |
| CMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Enoch Sellassie (registration no. 172153) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $67.92, and an average monthly account balance of $13.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.58, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court

must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The complaint and amended complaint

Plaintiff, an inmate at the Potosi Correctional Center, brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and 1990, as well as 42 U.S.C. §§ 12132, 12182, and 12203 (Americans with Disabilities Act of 1990 ("ADA")). The named defendants are CMS, William McKinney (physician), E. Conley (Regional Medical Director), J. Cofield (Regional Director), Kim Randolph (registered nurse), Lisa Spain (registered nurse), George Lombardi (Director),

3

Don Roper (Warden), Mike Lundy (Assistant Warden), and Ian Wallace (Assistant Warden).

Plaintiff states that he suffers from mental illness (paranoid schizophrenia and depression) and diabetes. He alleges that during a scheduled medical office visit on August 11, 2009, defendant Dr. William McKinney "touched plaintiff's penis with plaintiff's consent." Plaintiff further alleges that the remaining defendants failed to take remedial steps or investigate this occurrence, in violation of Missouri Department of Corrections regulations. In addition, plaintiff summarily states that Dr. McKinney "used threat of retaliation [sic]" against him, and that "plaintiff suffered sexual abuse by Dr. McKinney all because plaintiff "filed prison grievance [sic] against him." For relief, plaintiff seeks monetary, declaratory, and injunctive relief. Regarding the injunctive relief, plaintiff requests this Court (1) to order Dr. McKinney to discontinue his medical practice at PCC until the final disposition of this case; (2) to order all defendants to stop "participating in or governing as a ruling body in any facet in [plaintiff's] medical needs or well being"; and (3) to order defendants not to arbitrarily assign medication that could harm or impair plaintiff from "effectively performing what is needed to adequately file and argue this civil action." In addition, plaintiff seeks a transfer to another correctional institution, because he fears that defendants "will poison prescribed medicines" in retaliation for having filed this action.

## Discussion

## A. 42 U.S.C. § 1983 Claims

Having carefully reviewed plaintiff's allegations, the Court concludes that this action should be dismissed as legally frivolous and for failure to state a claim or cause of action against any of the named defendants. Plaintiff's allegations against Dr. McKinney simply do not rise to the level of a constitutional violation and fail to state a constitutional claim under § 1983. Plaintiff states that he allowed Dr. McKinney to "touch[] plaintiff's penis with plaintiff's consent." Plaintiff's allegations of consensual conduct do not support a claim of deliberate indifference under the Eighth Amendment.

Moreover, plaintiff's conclusory allegations of being threatened for having filed prison grievances do not rise to the level of a constitutional violation and fail to state a claim or cause of action. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. *See id.* at 1949. Moreover, it is generally the case that mere words, without more, do not invade federally protected rights, and "rough language" resulting only in hurt feelings is not actionable under § 1983. *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986); *see also Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

Plaintiff's assertion that defendants failed to follow their own prison regulation also does not amount to a § 1983 claim. *Cf. Bagley v. Rogerson*,

5

5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Plaintiff's claims that defendants CMS, Lombardi, Randolph, Spain, Cofield, Conley, Roper, Lundy, and Wallace failed to take corrective steps after learning about the grievances he had filed against Dr. McKinney will also be dismissed as legally frivolous. As discussed above, plaintiff has failed to allege conduct supporting a constitutional claim under § 1983. The defendants cannot be held liable under § 1983 for failing to take steps to correct conduct that does not violate the plaintiff's constitutional rights. Moreover, the respondeat superior theory of liability is inapplicable in § 1983 suits. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of

prison is insufficient to establish personal involvement required to support liability under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

### B.  42 U.S.C. § 1985 Claims

Title 42 U.S.C. § 1985 pertains to conspiracies to interfere with civil rights.  Plaintiff does not specify the subsection of § 1985 on which his claim is based.  However, after careful review of the complaint, the Court finds that plaintiff's allegations do not implicate any subsection of the statute.  he is proceeding, the Court will liberally construe the allegations under § 1985(3).  As such, plaintiff's § 1985 claim will be dismissed as legally frivolous.

### C.  42 U.S.C. §§ 1988 and 1990 Claims

Title 42 U.S.C. § 1988, which concerns the award of attorney and expert fees in civil rights actions, and 42 U.S.C. § 1990, which is titled "Marshall to obey precepts; refusing to receive or execute process," are unavailable to plaintiff as separate causes of action in this case.

### D.  ADA Claims

Title II of the ADA prohibits qualified individuals with disabilities from being excluded from participation in, or the benefits of, the services, programs, or activities of a public entity.  The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a

State or States or local government." 42 U.S.C. § 12131(1); *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999). To state a prima facie claim under the ADA, a plaintiff must show that (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based upon the disability. *Id*. at 858. In the case at bar, plaintiff has failed to allege any of the requirements under the statute, and therefore, he has wholly failed to state a claim under the ADA.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $13.58 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint and amended complaint are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4], motion for preliminary injunction [Doc. #5], motion for

discovery [Doc. #6], and motion for temporary restraining order [Doc. #9] are **denied as moot**.

Dated this 12th day of May, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE